(68 Misc. Rep. 299.)

Ex parte BURNS.

(Supreme Court, Special Term, New York County. June, 1909.)

CRIMINAL LAW (§ 195*)—EXAMINATION AND COMMITMENT—SECOND OFFENSE.

Where a person has been arraigned before a magistrate for excessive speeding of an automobile within the city limits, he may thereafter be arraigned for the same act charged as a second offense, and his confinement on the latter charge is not illegal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 382; Dec. Dig. § 195.*]

Application of Joseph P. Burns for a writ of habeas corpus. Writ dismissed.

Alexander, Cohn, Loudheim & Ettinger, for petitioner.

Charles S. Whitman, Dist. Atty. (Robert S. Johnstone and Lloyd P. Stryker, Deputy Asst. Dist. Attys., of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

McCALL, J. The question involved in this proceeding arises out of the following situation:

The relator herein was arrested for violation of the law prohibiting excessive speeding of an automobile within the confines of this city. He was arraigned before a magistrate, and upon a hearing duly had was committed for trial at the Court of Special Sessions; the procedure being that the magistrate after his commitment returns the papers to the district attorney, who thereupon files an information, and in that wise jurisdiction is acquired by such Court of Special Sessions. It seems to be the fact that this was the second time that the relator had been charged with an infraction of the law in question; but, on the hearing before the magistrate on his second offense, he stood arraigned as though he never had theretofore been arrested, and the hearing closed and commitment ensued without that fact being brought to the magistrate's attention or in any way appearing in the record of the hearing before him. And quite naturally so, because no one but the prisoner was aware of that fact. When the papers, on the return of the magistrate, reached the district attorney's office, then, from the latter's records, it is ascertained that this is the prisoner's second offense, and that official is then confronted with the situation that he cannot embody and sustain that charge in his information to be filed, because of a ruling of the Court of Special Sessions, which holds it improper and illegal to charge the prisoner with the crime of a second offense when he was not afforded an opportunity to meet same on the hearing before the committing magistrate. He thereupon has the relator arraigned before a magistrate (and it is of no moment whether that procedure be conducted before the magistrate who committed on the original arrest or not), and then charges him with violation of the law and as a second-time offender, which latter element in the offense charged aggravates the crime and carries with it (on guilt being proven) a much heavier penalty. He was thereupon, after a hearing, committed, and the record on the second commitment would thus permit of a filing of the information which could properly lodge against the relator the charge of his being a second-time offender. Under these conditions the relator attacks the second arraignment as illegal and void, and seeks his discharge from the commitment thereunder by writ of habeas corpus.

The writ cannot be sustained, in my judgment, and the procedure is justifiable and legal, and carries with it no element of ouster of jurisdiction upon the first charge. While it is true that practically all the features of the first offense charged are present and constitute in large part the basis of the proceeding on the second arraignment, there is interjected in the latter the question of a second offense, which was not presented upon the first hearing, and which, if sustained, as has been heretofore stated, aggravates the charge and carries with it a much heavier penalty than the offense for the perpetration of which he was originally held. This is sufficient to differentiate as between the two procedures and to determine the validity and legality of the second. An added reason, which should necessarily carry with it force to reach this conclusion, is that, if the contrary should be held, the sit-

uation would present itself that, with the established fact recorded that the relator was a second-time offender, through the original proceeding and the attitude assumed by the Court of Special Sessions in its ruling, the district attorney could not bring that fact to the court's attention, and if this writ were sustained he would be powerless to take any steps to establish that fact by a rehearing and arraignment for the greater offense, a condition which, it seems to me, established technically, would simply be intolerable.

Writ dismissed; prisoner remanded.

Writ dismissed.